Sanka Coffee Corporation, Respondent, *v.* Broadway Subway Advertising Co., Inc., Appellant.

First Department, November 4, 1927.

Contracts — street car card advertisements — action by advertiser to restrain defendant from removing its cards from subway cars, which were placed there under contract — defendant contends that cards were objectionable — temporary injunction denied.

A temporary injunction, restraining the defendant from interfering with and removing advertising cards of the plaintiff, which cards were placed in subway

cars under a contract with the defendant, is denied, since it appears that the defendant contends that the contract authorized it to remove any cards from the cars which contained anything deemed objectionable by the company or by the operator of the cars, and since it further appears that an objection was made by a competitor of the plaintiff that the cards of the plaintiff displayed in the cars were a violation of the ethical standards of advertising.

The main issue is whether or not the defendant was justified in removing plaintiff's cards, as objectionable, upon the failure of the plaintiff to substitute other cards, and that issue cannot be determined by affidavits but must await the trial of the action.

APPEAL by the defendant, Broadway Subway Advertising Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of July, 1927, granting plaintiff's motion for a temporary injunction.

*Selig Edelman* of counsel [*Lamar Hardy*, attorney], for the appellant.

*Samuel R. Schneider*, for the respondent.

McAvoy, J.  This action is in equity and sets out an alleged breach of contract with a prayer for injunctive relief, whereby the defendant would be restrained from interference with and removal of plaintiff's signs, which were placed in certain subway cars in which defendant owns the car card advertising privilege.

The agreement for advertising authorized and directed defendant to display in half service in the cars of the subway division of the New York Rapid Transit Company the car card advertisement of the plaintiff for a period of twelve months commencing May 1, 1927.

The contract contains this provision:

" 3. No card containing anything immoral, unlawful or offensive to good taste or anything deemed objectionable by the Company or by the operator of the cars shall be displayed."

The card which defendant caused to be removed from the subway cars displayed in its center a red heart and above it a shadow. There is the query, " Nervous? " printed in shaky lines, and below the reply to the question: " drink Sanka Coffee." There is also a picture of a can used for Sanka coffee which has the appearance of a reproduction of the cans as they are sold in the market.

After cards of this pattern had been displayed in the cars for about three weeks a controversy arose with respect to their exhibition owing to objections by a competing advertiser. One Mr. Cheek of the Cheek-Neal Coffee Company, distributors of Maxwell House coffee, who likewise carry advertisements of their product in the same subway cars by contract with the defendant, urged on

behalf of the Cheek-Neal Coffee Company that the card of the plaintiff " offered unfair competition and was violative of the generally accepted standards of ethical advertising which forbid anything in the nature of criticism or controversial matter with respect to competitors or competitive products." Defendant asked plaintiff to substitute some other design. It failing to do so, defendant removed the plaintiff's cards.

Thus the main issue in this case is whether or not the defendant was justified in regarding the plaintiff's advertising cards as objectionable and terminating their display in the cars upon failure of the plaintiff after notice to substitute other cards. We think such an issue can only be determined properly at a trial and that affidavits upon a preliminary motion are unsatisfactory guides in resolving the dispute.

There may be a breach of contract here, very drastic in its commission and destructive of plaintiff's rights in result, but specific performance of an advertising service contract by motion and order is not yet an equitable remedy.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.